See also, D.C., 29 B.R. 992.

**In the Matter of Lorraine GRYZYNGER, Debtor.**

**Lorraine GRYZYNGER, Plaintiff,**

v.

**Donald D. WARREN, Defendant.**

**Adv. No. 82–0177.**

United States Bankruptcy Court, W.D. Wisconsin.

Sept. 23, 1983.

J. Thomas Haley, Madison, Wis., for plaintiff.

Patricia Gibeault, Brynelson, Herrick, Gehl & Bucaida, Madison, Wis., for defendant.

DECISION AND ORDER FOR HEARING

ROBERT D. MARTIN, Bankruptcy Judge.

Debtor, plaintiff in this adversary proceeding, had purchased rental property on which she had given a mortgage. After her default under the mortgage and entry of a judgment of foreclosure, she was faced with a sheriff's sale of the property. Seeking to avoid further loss, she sold the property on a short term land contract to the defendant. Defendant in turn defaulted and on or about March 17, 1982, plaintiff exercised her right under the contract and Wisconsin law to declare the contract at an end. De-

fendant had made no payments and therefore had no equity in the property.

A sheriff's sale of the property on the mortgagee's foreclosure was scheduled for March 23, 1982. Defendant, who had retained possession of the property and claimed to have rights despite plaintiff's declaration that the land contract had ended, tried on March 17, 1982, to schedule a closing with plaintiff to take place March 22. Plaintiff then brought an action in Dane County Circuit Court seeking ejectment, confirmation of her legal and equitable title, rents collected by the defendant and various tort damages.

To stop the sale, plaintiff filed her chapter 13 petition on March 22. She thereafter removed her action against defendant to this court. After the filing of plaintiff's chapter 13 case, but before decision in this court on the removed case, the defendant restored possession of the real estate to plaintiff.

This court granted summary judgment in the removed case on December, 1982. The ejectment demand was dismissed as moot. Plaintiff's demand for rent was granted, less certain maintenance expenses. Defendant's motion for judgment dismissing plaintiff's tort claims was granted. His motion for a period of redemption and his counterclaim for lost profits were both denied.

Plaintiff appealed to the district court on several issues. In essence, the district court affirmed the decision of this court except as to this court's refusal expressly to declare defendant's interest in the property at an end. This matter was remanded for further proceedings, and judgment was entered foreclosing the defendant's interest in the property on August 15, 1983. The plaintiff now moves for a judgment against the defendant in the amount of her attorney fees in the removed case.

The land contract in question provided that

In case of legal proceedings in enforcement of any remedy hereunder, whether abated or not, all expenses, including reasonable attorney's fees, shall be added to the principal, become due as incurred, and in case of judgment shall be included therein.

The enforcement of claims for attorney's fees under agreements such as the present one is governed by Wis.Stat. § 814.02(2), which provides that

(2) In equitable actions and special proceedings costs may be allowed or not to any party, in whole or in part, in the discretion of the court, and in any such case the court may award to the successful party such costs (exclusive of disbursements) not exceeding $100, as the court deems reasonable and just, in view of the nature of the case and the work involved. This subsection refers only to such costs and fees as may be taxed by the authority of the statutes, independent of any contract of the parties upon the subject, which contract shall apply unless the court finds that the provisions thereof are inequitable or unjust.

In the present case there is nothing which would indicate that the provisions of the contract for inclusion in the amount of a judgment rendered thereon the "reasonable attorney's fees" incurred in the enforcement of the contract to be inequitable or unjust. Therefore, the provision for fees should be enforced. However, the court must consider the extent to which such fees sought are reasonable in the context of enforcing the contract. Insofar as the attorney's fee is based upon the action for ejectment, it is only reasonable to award fees to the point where the action became moot by virtue of defendant's removal from the premises. Similarly, a reasonable attorney's fee attributable to the costs of quieting title should include fees for services which continued to be provided until that objective was reached.

The contract is limited by its terms to fees for the enforcement of remedies under the contract. Thus, no attorney's fees or costs not arising from claims under the contract should be charged to the defendant. Tort claims made by the plaintiff were not only so weakly supported as to approach being frivolous, but lie outside the

enforcement of contract remedies, and cannot provide a basis for the plaintiff's requested judgment.

Upon the foregoing I must conclude that plaintiff may be entitled to a judgment for some reasonable attorney's fees in connection with this action. A hearing on the amount of fees to be awarded shall be held at the U.S. Bankruptcy Court, 44 East Mifflin Street, Suite 404, Madison, Wisconsin, on December 6, 1983, beginning at 10:00 a.m. One hour will be allowed for the presentation of all evidence and the completion of all arguments.

At least 7 days prior to the hearing date all parties are to exchange and file with the court copies of all exhibits they intend to introduce in evidence. If no written objection is made to the court and copy of the objection to the proponent within 3 days of the receipt of the proposed exhibit, such exhibits will be received in evidence without any further authentication.

Each party shall clearly number each proposed exhibit in the order of its probable presentation at trial (each document shall be given a separate exhibit number) and prepare a list of those numbered exhibits with a very brief identification of each. Copies of that exhibit list shall be exchanged with the copies of exhibits provided in the prior paragraph and 2 copies of the exhibit list shall be filed with the court.

At least 7 days prior to the hearing date the parties are to exchange and file with the court the names of all witnesses they intend to present at trial together with a brief summary of the area of testimony said witness will present. All reasonably anticipated objections to testimony and all motions to limit testimony of a witness identified by an opposing party shall be made within 3 days after receipt of the witness list required by this paragraph.